JAMES H. MAGILL, AS EXECUTOR, &c., RESPONDENT, v. ELIZABETH McMILLAN, ELLEN SHORT AND PATRICK V. MURRAY, APPELLANTS. .

*Will—when the interest of the beneficiary is contingent, until the arrival of the time for distribution.*

A testator, by his will, devised all his real and personal property to his executors, in trust, to collect and receive the income and pay over the same to his five children, in equal proportions, until his daughter Ellen, or, in case of her death, his daughter Margaret, should become of age, at which time he directed his executors to sell all his real estate and convert all his personal property into money, and to then divide his said estate between his said children equally, share and share alike ; and in case any of his children should die before such distribution, leaving issue surviving, then such issue to take the share to which his, her or their parents would have been entitled if living.

*Held*, that the shares did not vest in the children until the time for the distribution had arrived, and that the share of a daughter who had died previous to that time, intestate and without issue, went to the surviving children and not to her husband.

APPEAL from a judgment entered upon the trial of this action at Special Term. The action was brought to obtain a judicial construction of the will of one James Short, deceased. He died leaving five children, three of whom died intestate and without issue

before the defendant, Ellen Short, attained the age of twenty-one years. One of the three so dying married the defendant, Patrick V. Murray, who claimed to be entitled to her share of the estate.

The will provided:

"*Second.* I give, devise and bequeath unto my executors hereafter named all my real and personal estate and property of every name and nature and wheresoever situated, to have and to hold the same unto them and the survivor of them. In trust, nevertheless, and to and for the following uses, intents, and purposes, hereby giving and granting unto them and the survivor of them full power and authority to sell, grant and convey all or any part of my said estate and property, either at public or private sale, and at such time or times, place or places, and upon such terms and conditions as may be deemed just and most expedient to effectuate the purposes of this my will, to manage my said estate, to invest and keep invested the principal thereof, and to collect and receive the income derived therefrom; and after paying the necessary expenses for conducting my said estate, to apply and pay over the said net income unto my five children, Mary Ann, Elizabeth, Ellen, Margaret and Agnes, in equal proportions, share and share alike, until my said daughter Ellen shall arrive at the full age of twenty-one years, or, in case of her death before that time, then until my said daughter Margaret shall become of said full age of twenty-one years.

"*Third.* Upon the arrival of my said daughter Ellen at the full age of twenty-one years, or, in case of her death before that time, then when my said daughter Margaret shall arrive at said full age of twenty-one years, I direct that my said executors shall sell all my real estate and convert all my personal property into money, and shall then divide my said estate between my said children equally, share and share alike.

"Should any of my children die before such distribution, leaving issue her surviving, such issue shall take the share his or her or their parents would have been entitled to if living, and in same manner; that is, in equal shares."

*A. J. Rogers*, for appellant Murray.

*F. G. McDonald*, for appellants McMillan and Short.

*William D. Veeder*, for the respondent

DYKMAN, J. :

The surviving executor of the last will and testament of James Short comes into court with this suit, for a judicial construction of the will of this testator.

All the property of the testator is given to the executors, with power of sale and disposition, in trust to manage the estate, invest the principal, collect the income, and apply and pay over the income to the five children, Mary Ann, Elizabeth, Ellen, Margaret and Agnes, in equal proportions, until Ellen arrived at the full age of twenty-one years, or, in case of her death, then until Margaret became twenty-one.

Upon the arrival of Ellen at the age of twenty-one years, or, in case of her death, when Margaret reached that age, the executors were directed to sell all the real property, and convert the present property into money, and then divide the estate equally between, the said children. Then comes this clause : " Should any of my children die before such distribution, leaving issue her surviving, such issue shall take the share his, her or their parent would have been entitled to if living, and in the same manner ; that is, in equal shares."

At the testator's death, in May, 1870, all the children were minors under the age of twenty-one years. Margaret died unmarried and intestate in December, 1876 ; Agnes died unmarried and intestate in September, 1877 ; and Mary Ann died intestate in May, 1878, leaving a husband, who is the defendant, Patrick V. Murray. She was of full age at the time of her death. Elizabeth and Ellen are both living and of full age. Elizabeth is married, and Ellen is unmarried.

The defendant, Patrick V. Murray, claims the share his wife would have received on the distribution, had she lived until that time came. This is on the theory that her interest vested at the death of the testator. There was no immediate gift to the children. All was given to the executors, to be divided among the children when Ellen attained the age of twenty-one years. Until that time the title to all the property was in the exe-

cutors, and none but living children could share in the distribution. The right to share in the distribution was contingent upon the duration of the life of the beneficiary until Ellen became twenty-one years of age. Futurity is annexed to the substance of the gift and not to the time of payment. The gift is contingent, and did not, therefore, vest at the death of the testator. The surviving executor must hand over the property to the surviving daughters, and he may convey the real property to them on their request upon their execution of a full release.

The husband of the deceased daughter, Mary Ann, has no right to share in the distribution of the property.

The judgment must be affirmed, with costs.

BARNARD, P. J., concurred; GILBERT, J., not sitting.

Judgment affirmed, with costs.